United States District Court
Southern District of Texas
**ENTERED**
November 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHUONG TRUONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-00427 |
| | § | |
| ALIEF INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER GRANTING ALIEF INDEPENDENT SCHOOL DISTRICT'S MOTIONS TO DISMISS**

The defendant in this race discrimination and retaliation case, Alief Independent School District, asks this court to dismiss the claims that remain in this case. Alief ISD hired the plaintiff, Nhuong Truong, in 1987 as a computer repair technician. Mr. Truong still holds that position today. Mr. Truong alleged that he was denied promotions in August 2013 and June 2015 and denied a pay-grade upgrade when others received it in July 2014, based on discrimination against his Asian race and in retaliation for his internal complaints about the discrimination he encountered. Mr. Truong asserted discrimination and retaliation claims under Chapter 21 of the Texas Labor Code, § 21.051 and § 21.055, as well as under 42 U.S.C. §§ 1981 through 1983. Alief ISD has moved to dismiss the Chapter 21 discrimination and retaliation claims arising from the promotion denials, based on a failure to establish the *prima facie* elements of the claim, depriving this court of subject-matter jurisdiction, and to dismiss the §§ 1981 through 1983 claims arising from the promotion and pay-grade upgrade denials, based on a failure to plead municipal liability adequately. (Docket Entry Nos. 21, 22). Based on the motions, responses, and replies; the record; the oral arguments of

counsel presented at a hearing; and the applicable law, the court grants the motions for dismissal. (Docket Entry Nos. 21, 22). Because these rulings resolve the remaining claims in the case, and because further amendments would be futile, this action is dismissed, with prejudice, and a final judgment is entered by separate order.

The reasons for these rulings are set out in detail below.

**I.     Background**

Mr. Truong began working at Alief ISD in April 1987 as a computer repair technician. (Docket Entry No. 19-2 at ¶ 6). He alleged that although his performance was not an issue, he was "overlooked" year after year for promotions. (*Id.* at ¶ 7). In 1996, he did not receive a promotion to service technician manager. (*Id.* at ¶ 8). Mr. Truong alleged that he was instead transferred to a different department and given the duties of a service technician manager without the title or benefits. (*Id.* at ¶ 9).

In 2000, Mr. Truong told Charles Woods, the director of technology, and Tami Ciarella, an associate superintendent, that "it seemed that only white people [were] being promoted." (*Id.* at ¶ 10). Later that same year, Mr. Truong did not receive a promotion to campus technician-support specialist. (*Id.* at ¶ 11). Mr. Woods, now a superintendent assistant, told Mr. Truong that he did not qualify for the job because he did not answer certain questions correctly. (*Id.*). Mr. Truong alleged that Mr. Wood's refusal to hire him was retaliatory because Wood hired Tina Lee, who "only" had a degree in the humanities, while Mr. Truong had studied technology. (*Id.* at ¶ 12). Mr. Truong alleged that other, less-qualified, employees were hired for the support-specialist position. (*Id.*).

During his yearly performance reviews from 2005 to 2011, Mr. Truong told his supervisor, William Rakestraw, of his interest in being promoted to a managerial position. (*Id.* at ¶¶ 13–14).

Mr. Truong did not allege that he applied for promotions to any specific vacant or open managerial position when it arose. He instead alleged that other employees received promotions despite having fewer years of experience and without having to apply for a specific opening. (*Id.*). For example, Mr. Truong alleged that in 2013, Brian Pilgreen was promoted to manager of network services without applying for the position and with only three years of experience. (*Id.* at ¶ 15). Mr. Truong alleged that he did not receive promotions from 2005 to 2011 because of discrimination or in retaliation for his 2000 complaint. (*Id.* ¶¶ 13–14).

On August 16, 2013, Mr. Truong filed a race and national-origin discrimination charge with the EEOC and the Texas Workforce Commission. (*Id.* at ¶ 15). Mr. Truong alleged that after this filing, he continued to be denied promotions and pay-grade increases. (*Id.* at ¶ 17). He alleged that in 2014, after Alief ISD hired an outside firm to evaluate the technology department's pay policies, the department employees received a pay increase except for him and two other individuals. (*Id.* at ¶ 18). He alleged that in 2015, after he complained about not being promoted or receiving a merit-based pay increase, he again received the district's yearly pay increase but no added merit-based increase. (*Id.* at ¶ 19). Mr. Truong allegedly holds the same position and pay grade today as when he was hired in 1987. (*Id.* at ¶ 20).

In this lawsuit, Mr. Truong asserted national-origin and race-discrimination claims under the Texas Labor Code, § 21.051, and under 42 U.S.C. §§ 1981 through 1983, and retaliation for protected complaints under § 21.055, and under §§ 1981 through 1983. (*Id.* at ¶¶ 21–32). At the hearing on Alief ISD's motions to dismiss, the court heard argument, then dismissed Mr. Truong's Chapter 21 retaliation, pay-grade, and the discriminatory failure-to-promote claims arising before February 17, 2013. (Docket Entry No. 35). The court also dismissed Mr. Truong's §§ 1981 through

3

1983 failure-to-promote and retaliation claims arising before June 17, 2013. (*Id.*). The court took under advisement whether the Chapter 21 failure-to-promote claims arising after February 17, 2013 and the §§ 1981 through 1983 retaliation and discrimination claims arising after June 17, 2013 should also be dismissed. (*Id.*). The issues taken under advisement are addressed here.

## II.     The Applicable Legal Standards

### A.     Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with

prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F.App'x 534, 535 (5th Cir. 2007) ("'A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### B.     Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed, for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Masidon*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d

1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits or other documents and to hold a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). The court may consider matters outside the pleadings to resolve factual challenges to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261.

### III. Municipal Liability Against Alief ISD under § 1981 through 1983

#### A. The Legal Standard

Municipalities face § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). "Proof of municipal liability sufficient to satisfy *Monell* requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). The "policy or custom" requirement of a § 1983 claim can be satisfied with proof of: "(1) a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Allegations describing the policy or custom and its relationship

to the underlying constitutional violation cannot be conclusory, but must set out specific facts. *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir.1997).

**B.     Discussion**

In his third amended complaint, Mr. Truong alleged that Alief ISD is liable because his supervisors, Mr. Cintron and Mr. Rakestraw, failed to promote him to a manager of network services position in 2013, failed to give him a pay-grade upgrade when others received it in 2014, and failed to promote him to a senior technician position in 2015. Mr. Truong alleged that those decisions were the result of an official policy or custom on the part of the Board of Trustees, the policymaking body for Alief ISD. (Docket Entry No. 19-2 at ¶ 27).

Despite three efforts, Mr. Truong has failed to allege facts that, if proven, could support an inference that Alief ISD is liable to him under §§ 1981 through 1983. He acknowledged that under Texas law, the Board of Trustees is the policymaker for Alief ISD. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995) (board of trustees is the final policymaking authority for an independent school district in Texas). Mr. Truong did not allege the existence of any formal or written board policy. Instead, he asserted that his supervisors' failures to promote him in 2013 and 2015, or to give him pay-grade upgrades in 2014, amounted to a:

> de facto policy or custom . . . (i.e. the practice and pattern of refusing to promote Plaintiff to a managerial position and the practice and pattern of refusing to upgrade Plaintiff's pay grade and provide him with equal pay as his counterparts since the year 2000); that the government policy makers (the Board of Trustees) actually knew or constructively knew of its existence; that a constitutional violation occurred (i.e., the failure to promote because of his race, the failure to upgrade his pay grade because of his race, and the failure to pay him equally because of his race in violation of 42. U.S.C. § 1981); and that the custom or policy served as the moving force behind the violation or that the injuries resulted in the execution of the official policy or custom (i.e., despite Plaintiff's complaints since 2000 to be promoted and to receive a pay grade increase, Defendant continued to refuse Plaintiff's requests to be promoted and to receive a paygrade increase because of his race).

(Docket Entry No. 19-2 at ¶ 27).

The allegations that the Board of Trustees had actual or constructive knowledge of the supervisors' actions with respect to Mr. Truong's desire to be promoted or to have his pay grade increased are conclusory. They are also implausible. Mr. Truong acknowledged that he did not apply for specific promotion opportunities that arose, and there are no other facts alleged supporting an inference that the Board of Trustees knew that Mr. Truong in particular, or Asian employees in general, had been denied promotions they sought. Nor are there facts alleged showing that the Board of Trustees knew what Mr. Truong was paid or how his pay compared to other employees. His allegations about his supervisors might support a claim for *respondeat superior* liability, but that is inadequate for municipal liability under §§ 1981 through 1983. *Monell*, 436 U.S. at 691; *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993); *Eugene*, 65 F.3d at 1305.

The cases that Mr. Truong cited provide no support because they involved specific factual allegations that the policymaker was the individual or entity who acted directly against the plaintiff or a formal policy or custom. *See, e.g., Ibrahim v. City of Houston, Tex.*, No. Civ. A H-07-4329, 2008 WL 2962887, at *1 (S.D. Tex. July 29, 2008) (department director was the policymaker who used his position to act in a racially discriminatory manner against the plaintiff); *Gallentine v. Hous. Auth. of City of Port Arthur, Tex.*, 919 F. Supp. 2d 787, 793 (E.D. Tex. 2013) (plaintiff alleged specific policies or customs promoting favorable treatment of Hispanic over African-American employees). Here, there are no factual allegations in the pleadings providing a basis to recover against Alief ISD under §§ 1981 through 1983. After three unsuccessful pleading attempts, further opportunities to amend would be futile. The motion to dismiss the remaining §§ 1981 through 1983 claims against Alief ISD is granted. (Docket Entry No. 22).

**IV.     Chapter 21 Liability against Alief ISD**

    **A.     The Legal Standard**

Chapter 21 provides a limited waiver of a school district's governmental immunity. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012) ("[T]he Legislature has waived immunity only for those suits where the plaintiff actually alleges a violation of the TCHRA by pleading facts that state a claim thereunder."). The Texas Supreme Court requires plaintiffs to "plead the elements of [his] statutory cause of action—. . . the basic facts that make up the *prima facie* case—so that the court can determine whether [he] has sufficiently alleged a TCHRA violation." *Id.* at 637. If a governmental entity submits evidence negating one or more of the *prima facie* elements, the plaintiff is required to submit rebuttal evidence. *Id.* at 637–38. If the plaintiff fails to do so, the government maintains its immunity from suit, and the claims must be dismissed for a lack of subject-matter jurisdiction. *See id.*

    **B.     Discussion**

To state a *prima facie* case of race or national origin discrimination based on Alief ISD's failure to promote, Mr. Truong must plead that: (1) he is a member of a protected class; (2) he sought and was qualified for an available employment position; (3) he was not selected for the position; and (4) Alief ISD selected someone not in his protected class or continued to seek applicants with his qualifications. *Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 645 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 139 (Tex. App.—Fort Worth 2000, pet. denied)).

In his third amended complaint, Mr. Truong alleged that Alief ISD is liable because his supervisors failed to promote him to a manager of network services position in 2013 or to a senior

technician position in 2015. (Docket Entry No. 19-2 at ¶¶ 15–19). Mr. Truong did not apply for these positions when they arose. (Docket Entry No. 21 at Ex. E ¶ 9). He argued that telling his supervisor in annual performance reviews that he wanted to be promoted to managerial positions was enough, because Alief ISD did not require formal applications for promotions when specific opportunities became available. Mr. Truong points to Mr. Pilgreen's 2013 promotion to manager of network services to show that a formal application to a specific vacancy was not required. But the evidence shows that Mr. Pilgreen was not promoted to a new position, but rather that his existing position was upgraded. There was no promotion to a generally available different vacant or open position. (Docket Entry No. 21 at Ex. E ¶¶ 5–6). "If a position is not available, an employee has no actionable claim for not being promoted." *Mylett v. City of Corpus Christi*, 97 F. App'x 473, 476 (5th Cir. 2004). Because Mr. Truong did not dispute that he did not apply for specific vacant or open positions, and because he presented no basis to infer that candidates would be considered for promotion to a specific position without applying, he failed to plead a *prima facie* discrimination claim for the 2013 failure to promote.[1]

Mr. Truong also pointed to an email from Geoff Alsbury to show that this employee was not required to submit an application for a promotion. The record again contradicts Mr. Truong's argument. Mr. Alsbury sent an email in 2013 with his resume attached stating that he was applying for promotion to a specific vacant network support-specialist position. (Docket Entry No. 21 at Ex.

---

[1] Alief ISD also notes that even if the manager of network services position was available, and even if Mr. Truong had applied, he could not establish that he was qualified for the position because the first required qualification for the position was a Bachelor's Degree, which Mr. Truong did not have. (Docket Entry No. 21 at Ex. E ¶ 7); *see LeBlanc v. Lamar State Coll.*, 232 S.W.3d 294, 302 (Tex. App.—Beaumont 2007, no pet.) (the employee, who had an associate's degree, could not demonstrate that she was qualified for the position she sought when the position required a bachelor's degree).

E-10). This is an application for a specific open position. Mr. Truong, by contrast, made only general requests at yearly performance reviews for promotion consideration. Mr. Truong failed to plead a claim for discriminatory failure to promote in 2015.

After three unsuccessful pleading attempts, further opportunities to amend would be futile. Alief ISD's motion to dismiss the Chapter 21 failure-to-promote claim is granted. (Docket Entry No. 21).

## V. Conclusion

Alief ISD's motions to dismiss are granted, with prejudice and without leave to amend. (Docket Entry Nos. 21, 22). Because this ruling, in combination with earlier rulings, addresses and denies all claims for relief, final judgment is entered by separate order.

SIGNED on November 14, 2016, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge